IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:23-CR-00218

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| DONTAVIS ROMARIO TRUESDALE ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982, provided, however, that forfeiture of specific assets is subject to any and all third-party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**A forfeiture money judgment in the amount of $26,291.00 such amount constituting the proceeds that Defendant personally obtained as a result of the offense(s) to which Defendant has pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of proceeds and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. § 982 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

DENA J. KING
UNITED STATES ATTORNEY

KENNETH M. SMITH
Assistant United States Attorney

DONTAVIS ROMARIO TRUESDALE
Defendant

JOHN DOWLING, III
Attorney for Defendant

Signed this the 8th day of January, 2025.

HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE